**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Leo Lionel Payne, | ) | Civil Action No.: 3:16-cv-03792-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jessica Mangum, *Prosecuting Attorney*; | ) | |
| and Reinold Mark Adams, *Police Officer;* | ) | |
| *both in their individual and official* | ) | |
| *capacities*, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 20), recommending that Plaintiff's Amended Complaint (ECF No. 14-1) be dismissed without prejudice and without issuance and service of process as to Defendant Jessica Mangum ("Mangum"). For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20).

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2014, Plaintiff alleges that he bought a bus ticket at the Greyhound Bus Station in Columbia, South Carolina, but was denied entry on the bus and arrested for trespassing by Officer Reinold Mark Adams ("Adams"). (ECF No. 14-1 at 5.) Plaintiff alleges that he was falsely imprisoned for two (2) months and suffered emotional distress. (*Id.*) Plaintiff's charge was eventually dismissed on October 27, 2016. (*Id.*) Plaintiff filed his initial Complaint (ECF No. 1) on December 2, 2016, and an Amended Complaint (ECF No. 14-1) on January 9, 2017. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and malicious prosecution, in violation of the Fourteenth Amendment to the United States

Constitution.[1]  Magistrate Judge Paige J. Gossett filed the Report (ECF No. 20) on February 9, 2017.  Plaintiff filed an Objection (ECF No. 25) to the Report on February 14, 2017, and a Supplement to his Objection (ECF No. 26) on February 21, 2017.

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  Fed. R. Civ. P. 72(b)(2)-(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the Magistrate Judge with instructions."  *Id.* at 72(b)(3).

## III.  ANALYSIS

Liberally construing Plaintiff's objections, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff specifically objects to the Report's finding that Mangum is entitled to prosecutorial immunity because "she acted outside her authority in the process of instigating and pursuing a criminal case by creating false documents."  (ECF Nos. 25 at 2; 26 at 2.)  The court assumes that the false documents Plaintiff refers to are his charging documents.

Mangum, as the prosecuting attorney, allegedly "maliciously prosecuted" Plaintiff.  (ECF Nos. 14-1 at 5; 20 at 1-2.)  "Section 1983 authorizes a party who has been deprived of a federal right under the color of state law to seek relief through 'an action at law, suit in equity, or other

---

[1] In his Objection to the Report, Plaintiff also alleges a violation of his civil rights pursuant to 18 U.S.C. §§ 241-42. (Conspiracy against Rights and Deprivation of Rights Under Color of Law, respectively).

proper proceeding for redress.'" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, Mangum, in deciding to prosecute Plaintiff, is entitled to immunity from this suit. *See Imbler v. Pachtman,* 424 U.S. 409, 431 (1976)("[w]e hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Lyles v. Sparks,* 79 F.3d 372, 377 (4th Cir. 1996) ("the *Imbler* Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute.'") Plaintiff alleges that "Ms. Mangum initiated and pursued the original case [for trespassing] for improper purposes." (ECF Nos. 14-1 at 4-5, 25 at 2, 26 at 2.) The basis of Plaintiff's claim is Mangum's decision whether to prosecute Plaintiff, thus since Mangum was performing a prosecutorial function in making this decision, she is entitled to absolute immunity from suit.

## IV.    CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report **DISMISSING** Plaintiff's Amended Complaint (ECF No. 14-1) without prejudice as against Mangum and without issuance and service of process.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

January 30, 2018
Columbia, South Carolina