# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Leo Lionel Payne, ) | Civil Action No.: 3:16-cv-03792-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Reinold Mark Adams, *in his individual capacity*; City of Columbia, ) ) ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 84), recommending that the court grant Defendants' Motions For Summary Judgment (ECF Nos. 75, 77), and deny Plaintiff's Motion for Summary Judgment (ECF No. 59). For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 84).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates all facts stated in the Report, and only states facts and procedures relevant to the matter before the court. On July 28, 2017, Plaintiff filed a Motion for Summary Judgment (ECF No. 59), and on October 16, 2017, Defendants filed Motions for Summary Judgment (ECF Nos. 75, 77). On November 30, 2017, Magistrate Judge Paige J. Gossett filed the Report (ECF No. 84). On December 11, 2017, Plaintiff filed an Objection to the Report (ECF No. 86). Plaintiff alleges that he was "maliciously arrested" and "falsely imprisoned" for two months, and brings this case pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment

Rights to the United States Constitution.[1]  (ECF No. 14-1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  Fed. R. Civ. P. 72(b)(2)-(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the Magistrate Judge with instructions."  *Id.* at 72(b)(3).

## III. ANALYSIS

Liberally construing Plaintiff's objections, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff specifically objects to the Report's dismissal of his section 1983 claim as to the alleged conspiracy to deprive him of his "right to travel freely from state to state and to use highways and other instrumentalities for that purpose [in violation of the Fourteenth Amendment]."  (ECF No. 86 at 4.)

Plaintiff alleges that pursuant to 18 U.S.C. § 241, Defendants "[conspired] to deprive [him] in the vicinity of Columbia, [S]outh [C]arolina, of the free exercise and enjoyment of his rights secured to the Plaintiff by the United States Constitution and Laws of the United States, [specifically the right to freely engage in interstate travel]."  (ECF No. 86 at 2.)  The Report does

---

[1] The Report construes Plaintiff's Amended Complaint as "purporting to assert a claim pursuant to 42 U.S.C. § 1983 for false arrest or imprisonment in violation of the Fourth Amendment [to the United States Constitution]."  (ECF No. 84 at 4.)

not address 18 U.S.C. § 241 in the context of Plaintiff's Fourteenth Amendment claim. The court will address it here.

18 U.S.C. § 241 states "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both[.]"). Section 241 protects citizens from conspiracies to deprive them of any right or privilege provided by the United States Constitution, including in this case the right to freely travel among the states. *See United States v. Guest*, 383 U.S. 745, 759 (1966).

The Report notes that Plaintiff bought a ticket on April 26, 2014, for a bus that left the next night, April 27, 2014. (ECF No. 84 at 2.) The Report also notes that Plaintiff initially tried to stay at the bus station on April 26, 2017, until his bus left the next day, but was asked to leave and not to return (assuming until his bus was to depart). (*Id.; see also* ECF No. 77-3 at 3 ¶ 6.) The police were also called and Defendant Officer Adams put Plaintiff on trespass notice.[2] (ECF No. 84 at 2; *see also* ECF No. 77-3 at 3 ¶ 6.) Lastly, the Report notes that Plaintiff tried to board a bus without a proper ticket on the night of April 26, 2017. (ECF Nos. 77-2 at 2; 84 at 5-6.)

Plaintiff cites *Guest*, 383 U.S. at 757, 760 to object to the Report, citing specifically the Supreme Court's use of 18 U.S.C. § 241 to find that it was improper for the district court to grant a motion to dismiss as to the plaintiff's claim of a conspiracy to "impede or prevent the exercise of the right of interstate travel[.]" (*See* ECF Nos. 14-1 at 4; 86 at 4.) As noted by the Report,

---

[2] There is no information in the record explaining why Plaintiff was asked to leave and why the police were called.

Plaintiff failed to offer any evidence that he was legally entitled to be on Greyhound property after he was asked to leave and placed on trespass notice. (ECF No. 84 at 6.) Moreover, Plaintiff's ticket explicitly states that his bus was to leave on April 27, 2014 (ECF No. 77-2 at 2).

Pursuant to 18 U.S.C. § 241, "[a] specific intent to interfere with [a] federal right must be proved [in order to show that there was a conspiracy to deprive a citizen of his or her rights under the United States Constitution or United States law]." *See Guest,* 383 U.S. at 760 (citing *Screws v. United States*, 325 U.S. 91, 106-07 (1945)). At the summary judgment stage of the proceedings, Plaintiff must provide evidence of a specific intent to interfere with his federal rights, thus Plaintiff had to show that he had a legal right to be on the premises and a legal right to travel on that particular April 26th bus; and Plaintiff has not provided any evidence of these rights. *See Celotex Corp. v.* Catrett, 477 U.S. 317, 322 (1986) ("[Fed. R. Civ. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") Plaintiff did not have a right to be on the property after he was placed on trespass notice; moreover, the ticket that he purchased was for a bus that departed the next night. Therefore, Plaintiff has not carried his burden of proving that there was a specific intent to interfere with his federal right of "free interstate passage," thus the Report did not err in finding that Defendants' Motion for Summary Judgment should be granted.

### IV. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report **GRANTING** Defendants' Motions for Summary Judgment (ECF No. 75, 77), and **DENYING** Plaintiff's Motion for Summary Judgment (ECF No. 59).

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

January 30, 2018
Columbia, South Carolina